FILED

NOT FOR PUBLICATION

JAN 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLINTON LEE SPENCER, | No. 07-99004 |
| Petitioner - Appellant, | D.C. No. CV-98-00068-PHX-SRB |
| v. | |
| CHARLES L. RYAN, Arizona Department of Corrections, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted January 18, 2013
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Clinton Spencer appeals from the district court's judgment denying his

habeas petition. Spencer argues that his trial counsel provided ineffective

assistance by failing to investigate two alleged alibi witnesses. We affirm the

district court's judgment.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review a district court's denial of a habeas petition de novo. *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010). Generally, we grant substantial deference to a state court's ruling that we review through a habeas petition. 28 U.S.C. § 2254(d); *Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 339-40 (2003). However, because the state court relied on a procedural bar, and did not address the merits of Spencer's claim, our review of the legal question presented is de novo. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253.

We have reviewed the record and conclude that Spencer's counsel's performance was not deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The inquiry is whether a reasonable lawyer would have made more of an effort to locate the alleged alibi witnesses. *See Bryant v. Scott*, 28 F.3d 1411, 1418 (9th Cir. 1994). It is unreasonable not to further investigate alibi witnesses when defense counsel knows where they are located or relies on the prosecution's subjective determination that the witness will not be helpful for the defense. *See Brown v. Myers*, 137 F.3d 1154, 1156-57 (9th Cir. 1998); *Bryant*, 28 F.3d at 1417-19; *see also Anderson v. Johnson*, 338 F.3d 382, 392 (5th Cir. 2003). It is not unreasonable when defense counsel relies on the prosecution's objective and thorough investigation that concludes a witness cannot be reasonably located. *See*

*Howard v. Clark*, 608 F.3d 563, 569-70 (9th Cir. 2010); *Bryant*, 28 F.3d at 1415-18.  Therefore, Spencer's counsel did not render deficient performance. *See id.*

Nor can Spencer establish prejudice.  *See Strickland*, 466 U.S. at 687.  While circumstantial, the evidence against Spencer was overwhelming.  In such a situation, the absence of the testimony of two alleged alibi witnesses, whose testimony would still have left Spencer unaccounted for between the hours of one and two, does not undermine confidence in the reliability of the trial.  *See id.*

**AFFIRMED**